838 February 12, 2025 No. 106

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Matthew Kyle LAQUA,
*Petitioner-Respondent,*
*and*

Jessica Rose D'ERAMO,
*Respondent-Appellant.*

Clackamas County Circuit Court
22DR09998; A180815

Todd L. Van Rysselberghe, Judge.

Argued and submitted January 14, 2025.

Mark T. McLeod argued the cause for appellant. Also on the briefs was McLeod and McLeod Attorneys at Law.

Kimberly A Quach argued the cause for respondent. Also on the brief was Quach Family Law, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Mother appeals from a judgment of the trial court denying her motion to modify the parenting plan for eight-year-old A, contending that the trial court applied an incorrect legal standard and abused its discretion in denying her motion to relocate from Oregon to Illinois. We conclude that the court did not err or abuse its discretion in denying mother's motion and therefore affirm.

The parties' dissolution judgment required court permission or the noncustodial parent's consent to move, if it would necessarily result in less parenting time for the other parent. Mother sought permission to move to Illinois and asked the court to impose a long-distance parenting plan, which would have resulted in a reduction in annual overnight visits with father from around 135 to around 102. She argues that the trial court applied the wrong legal test in determining whether it was in A's best interests to relocate. Further, she contends that the court abused its discretion when it decided that it was in A's best interests to deny mother's motion and continue A's weekly contact with father under the existing parenting plan, because the court overvalued father's contributions to A's best interests.

ORS 107.137(1) describes the factors a court should consider in determining whether a proposed modification is in a child's best interest. It provides:

> "Except as provided in subsection (6) of this section, in determining custody of a minor child under ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court shall consider the following relevant factors:
>
> "(a)  The emotional ties between the child and other family members;
>
> "(b)  The interest of the parties in and attitude toward the child;
>
> "(c)  The desirability of continuing an existing relationship;
>
> "(d)  The abuse of one parent by the other;

"(e)   The preference for the primary caregiver of the child, if the caregiver is deemed fit by the court; and

"(f)   The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child. However, the court may not consider such willingness and ability if one parent shows that the other parent has sexually assaulted or engaged in a pattern of behavior of abuse against the parent or a child and that a continuing relationship with the other parent will endanger the health or safety of either parent or the child."

In her first assignment of error, mother argues that the trial court applied the wrong legal standard by improperly emphasizing the importance of one factor—parenting time with the noncustodial parent—over the financial benefits to the child that could be achieved by moving and the proximity to extended step-family. Father contends that mother's precise argument was not preserved.

Assuming that the argument was preserved, we conclude that there was no error. The court made extensive findings in the judgment pertinent to A's best interests. We have reviewed those findings, and they reflect an application of all six ORS 107.137(1) factors and provide factual findings related to each. Mother asserts that the court considered the loss of time with father to the exclusion of the other factors, but we reject that argument, because the judgment itself reflects the careful weighing the court engaged in.[1] Having determined that the court applied ORS 107.137(1) and considered all relevant factors, we reject mother's first assignment of error.

In her second assignment of error, mother argues that the trial court abused its discretion in deciding that the move to Illinois was not in A's best interests. The court explained:

"There would be obvious benefit to [mother's] family, and even [A] to some extent, by relocating to Illinois. However, [A] would be forced to give up the most in the form of

---

[1] The court, in the same proceeding, denied father's motion to modify the parenting plan to allow for equal parenting time. It continued the parenting plan in place at the start of the hearing.

regular weekly in-person contact with father. The court is not convinced that the financial benefits of moving * * * outweigh the detrimental consequences to [A].”

Unless we exercise our discretion to review *de novo*, which we do "only in exceptional cases," we review a trial court's best interests determination in a child custody modification proceeding for abuse of discretion. ORAP 5.40(8)(c); *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012). Under that standard, we will uphold "the trial court's decision unless it exercises its discretion in a manner that is unjustified by, and clearly against, reason and evidence." *Stancliff and Stancliff*, 320 Or App 369, 371, 513 P3d 20 (2022) (internal quotation marks omitted). Mother does not request *de novo* review, and we decline to exercise our discretion to do so.

In order to determine whether to allow the move, the court was required to compare the benefits of both alternatives and determine whether the child would be better served by relocating to Illinois. *Id.* at 377. Here, both parents are caring, competent, and involved in A's life. She has rich relationships in each family. After carefully examining the record, we conclude that the record supports the trial court's finding that each situation would have benefits for the child, and supports the trial court's conclusion that mother failed to carry the burden to show that moving would be *better* for A. The trial court's findings and decision were thoughtful and well-reasoned and do not constitute an abuse of discretion, and we do not disturb them here.

Affirmed.